IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NUTRI/SYSTEM IPHC, INC.<br>1011 Centre Road, Suite 322<br>Wilmington, DE 19805<br><br>And<br><br>NUTRISYSTEM, INC.<br>600 Office Center Drive<br>Fort Washington, PA 19034<br><br>                          **Plaintiffs**<br><br>v.<br><br>NUTRISYTEM BEST OFFERS, LLC<br>5700 N. Ocean Boulevard<br>North Myrtle Beach, SC 29582<br><br>                          **Defendant** | CIVIL ACTION<br><br>No. |

## VERIFIED COMPLAINT

Plaintiff, Nutri/System IPHC, Inc. ("IPHC") and Plaintiff, Nutrisystem, Inc. ("Nutrisystem"), by and through their undersigned counsel, for their Complaint against Defendant, Nutrisystem Best Offers, LLC ("Defendant"), state the following.

## THE PARTIES

1. IPHC is a corporation organized under the existing laws of the State of Delaware and has an office and principal place of business at 1011 Centre Road, Suite 322, Wilmington, DE 19805. IPHC is the owner and licensor of the trademarks at issue in this action.

2. Nutrisystem is a corporation organized under the existing laws of the State of Delaware, registered as a foreign corporation to do business in the Commonwealth of Pennsylvania and has an office and principal place of business at 600 Office Center Drive, Fort Washington, PA 19034. Nutrisystem is an exclusive licensee of the Trademarks at issue in this action and as such has standing to bring this action.

3. Upon information and belief, Defendant, is a limited liability company organized and existing under the laws of a state or commonwealth within the United States with an office and place of business at 5700 N. Ocean Boulevard, North Myrtle Beach, SC 29582. Further, upon information and belief, the Defendant also does business under the name Nutrisystem Best Deals LLC.

## NATURE OF ACTION

4. This is an action for (i) trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 et seq.), (ii) trademark dilution under the Federal Trademark Dilution Act of 1995 (15 U.S.C. § 1125(c)), (iii) cyberpiracy under the Anti-Cybersquatting Piracy Act (15 U.S.C. § 1125(d)), (iv) unfair trade practices and trademark dilution under the Pennsylvania Trademark Act, 54 Pa. C.S. 1101 et seq. (2006), and (v) unfair competition under the common law of the Commonwealth of Pennsylvania. These claims are based on (i) Defendant's unauthorized use of Plaintiffs' famous trademark, (ii) Defendant's false assertion that it is affiliated with the Plaintiffs, (iii) Defendant's use of Nutrisystem-branded packaging and Nutrisystem-branded marketing materials, and (iv) Defendant's adoption and use of nutrisystembestoffers.com, all in violation of Plaintiffs' established rights in NUTRISYSTEM as a registered trademark.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendent unfair competition claims) and 28 U.S.C. § 1332(a) (diversity of citizenship).

6. This Court has personal jurisdiction over the Defendant by virtue that Defendant's website offers products for sale and purchase within the Commonwealth of Pennsylvania.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## NUTRISYSTEM'S FAMOUS TRADEMARK

8. Since at least as early as 1975, Nutrisystem, or its predecessors-in-interest, have been using the mark NUTRISYSTEM in connection with its weight loss goods and services.

9. Nutrisystem has used and continues to use its NUTRISYSTEM mark in connection with the promotion and sale of its numerous weight loss goods and services.

10. IPHC has a number of valid, existing, registrations for the NUTRISYSTEM mark in the United States, including but not limited to U.S. Reg. Nos. 1,251,922, 1,297,847, 1,429,657, 1,731,373, 1,767,562, 1,776,989, 1,956,649, 3,251,743, 3,433,126, 3,467,401, 3,519,390, 3,519,391, 4,327,113, 4,327,114, 4,327,116, 4,327,117, 4,330,709, 4,766,989, 4,767,024, and 4,767,235 (collectively, the "Nutrisystem

Trademark"). Copies of the corresponding Certificates of Registration are attached to this Complaint as Exhibit "A" and are incorporated herein by reference.

11. Each and every one of the above-referenced registrations is registered on the Principal Register, and same are valid and enforceable under the laws of the United States.

12. Nutrisystem has extensively advertised and promoted its Nutrisystem Trademark over an extended period of time, since at least 1975, and has made substantial sales of goods and services under the Nutrisystem Trademark.

13. Nutrisystem has expended at least hundreds of millions of dollars in these efforts, and has taken long-standing and continuous steps to carefully control the public perception of the nature and quality of the goods and services associated with the Nutrisystem Trademark.

14. The result of these activities is that the Nutrisystem trademark has achieved widespread consumer recognition, making it a strong and famous mark.

15. Further, NUTRISYSTEM is a distinctive and famous mark within the meaning of 15 U.S.C. § 1125(c). The Nutrisystem Trademark derives it fame through the continuous prominent use as a house mark, since at least 1975, through Nutrisystem and its predecessor companies, in connection with the provision of weight loss services and distributed pre-packaged foods, supplements and beverages and to distinguish said goods and services from similar goods and services offered by other companies and in advertising and promotional materials distributed throughout the United States.

16.     In or about 2003, NutriSystem assigned its rights in the Nutrisystem Trademark to IPHC. Subsequently, IPHC entered into an exclusive license with NutriSystem by which NutriSystem may utilize the Nutrisystem Trademark.

## DEFENDANT'S INFRINGING CONDUCT

17.     On or about November 7, 2014, Defendant purchased the URL www.nutrisystembestoffers.com. Defendant's website consists almost entirely of the Plaintiffs' intellectual property, including, but not limited to, the Nutrisystem Trademark, Nutrisystem-branded products, Nutrisystem-branded advertising copy and proprietary images taken directly from Nutrisystem's own website and other Nutrisystem brand features ("Defendant's Site"). Copies of images of the Defendant's Site are attached to this Complaint as Exhibit "B" and are incorporated herein by reference.

18.     Beginning on or about November 7, 2014, Defendant has offered to sell Nutrisystem-branded products and services through the Defendant's Site, and/or has sold, shipped or supplied such Nutrisystem-branded nutrition and weight loss products and services to persons located in the United States, including, upon information and belief, within the Commonwealth of Pennsylvania.

19.     Defendant has not been authorized by either IPHC or NutriSystem to use the Nutrisystem Trademark in the United States or elsewhere in any manner; however, the Defendant explicitly states on the Defendant's Site that it is "a leading authorized distributor of Nutrisystem." See Exhibit B.

20.     The weight loss industry is highly regulated to ensure consumer protection and safety. The Plaintiffs spend a vast amount of time and money ensuring not only that

the quality and safety of their products meet and all regulatory standards, but also that these products are of high quality. Here, however, the quality and safety of the Nutrisystem-branded nutrition and weight loss products sold, shipped or otherwise supplied by Defendant are undetermined, at best, and pose the treat of irreparable harm should the quality of the subject products do not meet either the Plaintiffs' high quality standards or cause adverse health effects.

21.     Defendant's use of the Nutrisystem Trademark in association with the sales and provision of Nutrisystem-branded nutrition and weight loss products and services is likely to cause confusion, mistake, and/or deception as to the source of origin of Defendant's products and services in that the public, the trade and others are likely to believe that Defendant's products and services are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to NutriSystem or IPHC, and/or that the products and services sold, shipped and provided by Defendant and NutriSystem are provided by, sponsored by, approved by, and/or licensed by the same source.

22.     Defendant's use of the Nutrisystem Trademark in connection with its sale of Nutrisystem-branded nutrition and weight loss products and services is likely to erode the distinctiveness of the Trademarks.

23.     Defendant's use of the Nutrisystem Trademark in connection with the Nutrisystem-branded nutrition and weight loss products and services is likely to dilute the famous Nutrisystem Trademark.

24.     Defendant's use of nutrisystembestoffers.com in associations with the sales and provision of Nutrisystem-branded nutrition and weight loss products and

services is likely to cause confusion, mistake, and/or deception as to the source of origin of Defendant's products and services in that the public, the trade and others are likely to believe that Defendant's products and services are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to NutriSystem or IPHC, and/or that the products and services sold, shipped and provided by Defendant and NutriSystem are provided by, sponsored by, approved by, and/or licensed by the same source.

25. Defendant's use of nutrisystembestoffers.com in connection with Nutrisystem-branded nutrition and weight loss products and services is likely to erode the distinctiveness of the Nutrisystem Trademark.

26. Defendant's use of nutrisystembestoffers.com in connection with Nutrisystem-branded nutrition and weight loss products and services is likely to dilute the famous Nutrisystem Trademark.

## DEFENDANT'S CONTINUED INFRINGEMENT

27. On June 18, July 17 and August 7, 2015, Plaintiffs, acting through counsel, sent cease and desist letters to Defendant, in which Plaintiffs demanded, inter alia, that Defendant cease violating Plaintiffs' rights. Copies of these cease and desist letters are attached to this Complaint as Exhibit "C" and are incorporated herein by reference.

28. Plaintiffs, acting through counsel, also sent the August 7th cease and desist letter by facsimile to the number listed on the Defendant's Site and submitted by electronic means the same letter via the contact page on Defendant's Site. A copy of the

7

facsimile confirmation is attached to this Complaint as Exhibit "D" and is incorporated herein by reference.

29.  On or and after August 7, 2015, Plaintiffs' counsel and at least one employee of Plaintiffs made phone calls to all reasonably available phone numbers for Defendant, including the number listed on the Defendant's Site and in the WHOIS information for the nutrisystembestoffers.com URL.

30.  As a result of these efforts, on or about August 7, 2015, the apparent principal of the Defendant left a voicemail message for an employee of the Plaintiffs acknowledging the Defendant had indeed received Plaintiffs' complaints, but that the Defendant intended to continue its infringing activities and that further contact with the Defendant should be via a mobile phone number: 843-424-2166. A sound recording copy of the voicemail message is attached to this Complaint as Exhibit "E" and is incorporated herein by reference.

31.  Pursuant to public records, the individual associated with this mobile phone number is Ingrid Valdez and the cell service provider is located in Myrtle Beach, SC. This location is consistent with the Defendant's address listed on the Defendant's Site. A copy of the public records identifying Ms. Valdez is attached to this Complaint as Exhibit "F" and is incorporated herein by reference.

32.  Other public information identifies Ms. Valdez as a manager of the Defendant. A copy of this information is attached to this Complaint as Exhibit "G" and is incorporated herein by reference.

33.  To date, Defendant has not agreed to the demands detailed in Plaintiffs' cease and desist letters, and has indicated its refusal to do so, as evidenced by the

voicemail message. Upon information and belief, Defendant has continued and intends to continue to sell, ship and supply Nutrisystem-branded nutrition and weight loss products and services in the United States under the Nutrisystem Trademark via the Defendant's Site.

34. On August 7, 2015, and as amended on August 11, 2015, Plaintiffs submitted multiple trademark and copyright infringement complaints via abuse@web.com to the third-party entity hosting the Defendant's Site.

35. Pursuant to the above complaints and the third-party host's policy, on or about August 17, 2015, the Defendant's Site was made temporarily unavailable and shall remain unavailable for only ten (10) days unless Plaintiffs obtain a court order enforcing their intellectual property rights.

36. Defendant has acted as aforesaid they had knowledge that:

(a) Plaintiffs own the U.S. trademark rights to the Nutrisystem Trademark; and,

(b) the owner of the U.S. rights to the Nutrisystem Trademark had not authorized its use on the same.

37. Upon information and belief, Defendant continues in its course of infringing conduct with full knowledge that:

(a) Plaintiffs own the U.S. trademark rights to the Nutrisystem Trademark; and,

(b) the owner of the U.S. rights to the Nutrisystem Trademark had not authorized its use on the same.

38. Defendant has willfully and intentionally violated Plaintiffs' trademark rights with the deliberate intention of trading on the valuable goodwill and reputation established in the Nutrisystem Trademark.

39. Unless restrained by this Court, Defendant will continue to willfully and intentionally violate Plaintiffs' rights causing Plaintiffs irreparable harm.

## COUNT I
## 15 U.S.C. § 1114(1)
## **TRADEMARK INFRINGEMENT**

36. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations in each of the foregoing paragraphs as if set forth fully herein.

37. After Nutrisystem's adoption, registration and use of the Nutrisystem trademark, Defendant began to provide, and or intends to provide, weight loss and/or weight management related goods and/or services under the Nutrisystem Trademark and/or through the infringing nutrisystembestoffers.com domain name, in violation of 15 U.S.C. § 1114(1) and in violation of Plaintiffs' superior trademark rights.

38. This unlawful use by Defendant of the Nutrisystem Trademark and the nutrisystembestoffers.com domain name in the manner described herein has been without consent of the Plaintiffs, has caused or will cause confusion and mistake in the minds of the purchasing public, and has created the false impression that Defendants's goods and/or services are either related to Nutrisystem's goods and/or services, or is done with the authorization, approval, or sponsorship of the Plaintiffs.

39. This unlawful use by Defendant of the Nutrisystem Trademark and the nutrisystembestoffers.com domain name in the manner described herein creates, or will

create, confusion in the minds of the purchasing public as to the source, origin, sponsorship, and affiliation of such goods and/or services in the marketplace and in the purchasing public's initial perception and interest.

40. The conduct of Defendant in this regard constitutes willful and intentional infringement of the Nutrisystem Trademark.

41. Despite having knowledge that the use of the Nutrisystem Trademark and the nutrisystembestofferes.com domain name in the manner described herein was and is in direct contravention of Plaintiffs' trademark rights, Defendant has begun or continued such unlawful use or intended use.

42. Plaintiffs have no adequate remedy at law and is suffering, or will suffer, irreparable harm and/or monetary injury and damages as a direct, proximate and/or consequential result of Defendant's conduct as aforesaid.

**COUNT II**
**15 U.S.C. § 1125(a)**
**FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION**

43. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations in each of the foregoing paragraphs as if set forth fully herein

44. After Nutrisystem's adoption, registration and use of the Nutrisystem Trademark, Defendant began to provide, and or intends to provide, weight loss and weight management related goods and/or services under the Nurisystem Trademark and/or through the nutrisystembestoffers.com domain name, in violation of 15 U.S.C. § 1125(a) and in violation of Plaintiffs' superior rights.

45. This unlawful use or intended use by Defendant of the Nutrisystem Trademark and the nutrisystembestoffers.com domain name in the manner described

herein has been without consent of the Plaintiffs, has caused or will cause confusion and mistake in the minds of the purchasing public, and has created the false impression that Defendant's goods and/or services are either related to Nutrisystem's goods and/or services or has the authorization, approval, or sponsorship of Plainitiffs, and constitutes false designation of origin and unfair competition.

46. This unlawful use or intended use by Defendant of the Nutrisystem Trademark and the nutrisystembestoffers.com domain name in the manner described herein creates confusion in the minds of the purchasing public as to the source, origin, sponsorship, and affiliation of such goods and/or services in the marketplace and in the purchasing public's initial perception and interest and constitutes false designation of origin and unfair competition.

47. The activities of Defendant in this regard constitute willful and intentional infringement of the Nutrisystem Trademark.

48. Despite having knowledge that the use or intended use of the Nutrisystem Trademark and the nutrisystembestoffers.com domain name in the manner described herein was and is in direct contravention of Plaintiffs' trademark rights, Defendant has begun or continued such unlawful use or intended use.

49. Plaintiffs have no adequate remedy at law and is suffering, or will suffer, irreparable harm and/or monetary injury and damages as a direct, proximate and/or consequential result of Defendant's conduct as aforesaid.

## COUNT III
## 15 U.S.C. § 1125(c)
## **TRADEMARK DILUTION**

50. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations in each of the foregoing paragraphs as if set forth fully herein

51. The Nutrisystem Trademark is a mark distinctive and famous within the meaning of such terms in 15 U.S.C. § 1125(c), and Defendant's use of the Nutrisystem Trademark and the nutrisystembestoffers.com domain name in the manner described herein in connection with weight loss products and/or services commenced after Plaintiffs' Nutrisystem Trademark became distinctive and famous.

52. Defendant's conduct as described herein is likely to cause, and has caused, dilution of the famous and distinctive qualities of the Nutrisystem Trademark.

53. Defendant's conduct as described herein is willfully intended to trade on the recognition of Plaintiffs' famous Nutrisystem Trademark.

54. Defendant's conduct as described herein is likely to tarnish, and has tarnished, Nutrisystem's reputation by association with weight loss/weight management goods and/or services with unknown quality.

55. Defendant's conduct as described herein is willfully intended to harm the reputation of Plaintiffs' famous Nutrisystem Trademark.

56. Defendant's conduct as described herein is likely to, and has, diluted Plaintiffs' Nutrisystem Trademark by impairing the mark's ability to serve as a unique identifier of Nutrisystem's goods and services.

57. Plaintiffs have no adequate remedy at law and is suffering, or will suffer, irreparable harm and/or monetary injury and damages as a direct, proximate and/or consequential result of Defendant's conduct as aforesaid.

## COUNT IV
## 15 U.S.C. § 1125(d)
## CYBERPIRACY

58. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations in each of the foregoing paragraphs as if set forth fully herein

59. Upon information and belief, Defendant registered the domain name nutrisystembestoffers.com with the bad faith intent to profit from the Nutrisystem Trademark, which is protected as a distinctive mark, famous mark and registered mark.

60. Defendant's registration and use of the domain name nutrisystembestoffers.com is confusingly similar to or dilutive of the Nutrisystem Trademark.

61. Plaintiffs have no adequate remedy at law and is suffering, or will suffer, irreparable harm and/or monetary injury and damages as a direct, proximate and/or consequential result of Defendant's conduct as aforesaid.

## COUNT V
## COMMON LAW UNFAIR COMPETITION AND
## TRADEMARK INFRINGEMENT

62. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations in each of the foregoing paragraphs as if set forth fully herein.

63. Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiffs' common law trademark rights in the Nutrisystem Trademark within the Commonwealth of Pennsylvania and in violation of Pennsylvania law.

64. Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiffs' business, reputation and good will in the Nutrisystem Trademark, for which Plaintiffs have no adequate remedy at law.

## COUNT VI
## TRADEMARK DILUTION UNDER PENNSYLVANIA LAW

65. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations in each of the foregoing paragraphs as if set forth fully herein.

66. The Nutrisystem Trademark constitutes a famous mark in the Commonwealth of Pennsylvania pursuant to 54 Pa. C.S. § 1124, which mark became famous prior to the commencement of Defendant's activities as alleged herein.

67. Upon information and belief, Defendant's activities as alleged herein dilute the distinctive quality of the Nutrisystem Trademark in violation of 54 Pa. C.S. § 1124.

68. Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiffs' business, reputation and good will in the Nutrisystem Trademark, for which Plaintiffs have no adequate remedy at law.

## COUNT VII
## PENNSYLVANIA UNFAIR TRADE PRACTICES ACT

69. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations in each of the foregoing paragraphs as if set forth fully herein

70. Defendant's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the 54 Pa. C.S. § 1123.

71. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiffs' business, reputation and good will in the Nutrisystem Trademark, for which Plaintiffs have no adequate remedy at law.

**WHEREFORE, Plaintiffs pray:**

1. That Defendant, its parents, subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and those in active concert or participation with it, or any of them be permanently enjoined and restrained:

   a. From using in any manner the Nutrisystem Trademark in connection with any goods and services;

   b. From using in any manner the nutrisystembestoffers.com domain name in connection with any goods and services;

   c. From representing or suggesting in any fashion to any third party or performing any act or failing to perform any act that may give rise to the belief that Defendant, or any of its goods or services, are authorized or sponsored by the Plaintiffs;

   d. From using in any manner Nutrisystem-branded packaging and Nutrisystem-branded marketing materials; and,

   e. From otherwise competing unfairly with Plaintiffs in any manner.

2. That Defendants be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to Nutrisystem for destruction, any and all Nutrisytem-branded products, catalogs, circulars

and other printed material in their possession or under their control displaying or promoting the infringing activities;

3. That Defendant be ordered, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Plaintiffs, within 30 days of the entry of the injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction;

4. That Defendant be ordered, pursuant to 15 U.S.C, § 1125(d)(1)(C) to transfer to Nutrisystem the nutrisystembestoffers.com domain name and that Defendant be permanently enjoined and restrained from seeking the registration of any domain name that uses the Nutrisystem trademark;

5. That Defendant be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it through its use of the Nutrisystem Trademark;

6. Plaintiffs be awarded any and all compensatory and punitive damages sustained by Plaintiffs by reason of Defendant's acts and omissions complained of herein, including an award of treble damages as provided by law;

7. That Plaintiffs be awarded post-judgment interest on each and every damage award;

8. That Defendant be ordered, pursuant to 15 U.S.C. § 1117, to pay to Plaintiffs their reasonable attorneys' fees, costs, and disbursements in this action; and

9. That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

                                            Respectfully submitted,

                                            Wes Bridges (92650)
                                            Timothy J. Szuhaj (62333)
                                            BECKER MEISEL LLC
                                            220 Lake Drive East, Suite 1012
                                            Cherry Hill, New Jersey 08002
                                            856-779-8700
                                            Attorneys for Plaintiffs

## **VERIFICATION**

1. I am Denise Bergner, Senior Director, Legal & Corporate Compliance for Nutrisystem, Inc., and Secretary for Nutri/System IPHC, Inc.

2. I have read the foregoing complaint, and on my own personal knowledge I know that the facts set forth therein are true, except those that are plead upon information and belief, which I believe to be true based upon the current information available to me.

3. I declare under penalty of perjury that the foregoing is true and correct.

_____
Denise Bergner

Dated: August 17, 2015